NOT DESIGNATED FOR PUBLICATION

No. 124,226

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW DUDZINSKI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed April 22, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Andrew Dudzinski appeals the district court's decision to revoke his probation and impose his underlying prison sentence. He asserts the district court abused its discretion by revoking his probation.

We granted Dudzinski's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL HISTORY

In January 2020, Dudzinski pled no contest to one count of attempted aggravated robbery, a severity level 5 person felony. In August 2020 the district court sentenced Dudzinski. At the time of sentencing, he had a criminal history score of A as defined by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. Based on the severity level of the crime and his A criminal history score, the KSGA outlined a presumptive 136-, 130-, or 122-month prison sentence, depending on whether the district court imposed the aggravated, standard, or mitigated sentence, respectively. K.S.A. 2020 Supp. 21-6804(a). The district court imposed an underlying sentence of 130 months' imprisonment, but granted Dudzinski's motion for dispositional departure and sentenced him to 36 months of probation.

On March 3, 2021, the State moved to revoke Dudzinski's probation. The motion alleged that he failed to maintain contact with his community corrections intensive supervision officer (ISO), failed to pay outstanding court fees, failed to maintain employment or provide his ISO with proof of disability benefits, failed to submit to random drug testing, failed to complete substance abuse and mental health assessments and follow recommendations within 60 days, and failed to complete anger management assessment and follow recommendations within 60 days. The same day, the district court issued a bench warrant for Dudzinski.

After Dudzinski was apprehended, in June 2021, the district court held a hearing on the State's motion. During the hearing, Dudzinski waived his right to an evidentiary hearing and stipulated to the violations alleged in the State's motion. He also asked the district court to reinstate probation. But the district court denied Dudzinski's request, revoked his probation, and ordered him to serve his underlying sentence of 130 months' imprisonment.

2

Dudzinski filed a timely notice of appeal.

ANALYSIS

As his single issue on appeal, Dudzinski maintains the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence.

Appellate courts review a district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Dudzinski bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

While a district court ordinarily must apply intermediate sanctions before revoking probation and ordering service of the original sentence, there are exceptions that allow a district court to revoke probation without having previously imposed sanctions. See K.S.A. 2020 Supp. 22-3716(c)(1), (7). One such exception allows a district court to revoke probation without previously imposing a sanction if "probation . . . was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 21-6815, and amendments thereto." K.S.A. 2020 Supp. 22-3716(c)(7)(B).

That is what the district court relied on here. As we have noted, Dudzinski originally pled no contest to attempted aggravated robbery, a severity level 5 person felony. Dudzinski's no-contest plea to this crime, paired with his A criminal history score, meant he faced a presumptive 136-, 130-, or 122-month prison sentence, depending on whether the district court imposed the aggravated, standard, or mitigated sentence, respectively. See K.S.A. 2018 Supp. 21-6804(a). Instead of imposing the presumptive

3

sentence, the district court granted Dudzinski's motion for dispositional departure and sentenced him to 36 months of probation, with an underlying sentence of 130 months' imprisonment.

Once a probation violation and an exception to the intermediate sanctions requirement are established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016).

Dudzinski argues the district court abused its discretion when it revoked his probation and ordered him to serve his underlying prison sentence. But since the district court originally granted probation as the result of a dispositional departure, the district court was well within its discretion to order him to serve a modified prison sentence. Dudzinski does not point to any errors of law or fact in the district court's decision, nor does he show that no reasonable person would have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.